UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PATRICIA RAEBURN,

                Plaintiff,

    – against –

DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT OF THE CITY OF NEW
YORK, THE CITY OF NEW YORK, SIMON
BONNANO, AND RAYMOND PYNN,

                Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-4818 (SLT) (MDG)

**TOWNES, United States District Judge:**

      Plaintiff Patricia Raeburn brings this action against her employer, the Department of Housing Preservation and Development of the City of New York ("HPD"); the City of New York; and two HPD employees, Simon Bonnano and Raymond Pynn, principally alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the New York City Human Rights Law ("NYCHRL").  Defendants now move to dismiss Plaintiff's action on various grounds, including Plaintiff's failure to file her action with 90 days of her receipt of the right-to-sue letter.  Since that timeliness argument relies on a right-to-sue notice other than the one expressly referenced in Plaintiff's complaint, this Court will convert Defendants' motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

### *BACKGROUND*

      According to Plaintiff's complaint (the "Complaint"), Plaintiff is a 60-year-old African-American woman who first became employed by HPD in or around October 1988.  (Complaint,

¶¶ 6, 12.) At the time she filed the Complaint, Plaintiff had worked at HPD for approximately 22 years. (Id., ¶ 12). During that time she held various positions, including "Bilingual Operator" and "Inspector," in various offices, including "Central Complaints" and "Code Enforcement (Queens)." (Id., ¶ 13.)

In or around April 2004, Plaintiff applied to work in the "newly-created lead paint section of [the] HPD" as a lead paint inspector, and was offered the position. (Id., ¶ 14.) Plaintiff alleges that, between September 2004 and April 2007, she was subjected to sex, age and race discrimination by defendant Simon Bonnano, who was in charge of the office in which she worked, and her supervisor, defendant Raymond Pynn. (Id., ¶¶ 15-36). Although Plaintiff's allegations of discrimination are quite detailed, they need not be described for purposes of this Memorandum and Order.

According to the Complaint, "Plaintiff . . . filed a charge of sex, age and race discrimination with the Equal Employment [Opportunity] Commission ("EEOC") on or about May 9, 2007, complaining of the . . . discrimination alleged" in the Complaint. (Id., ¶ 3.) The Complaint further alleges that "[o]n July 20, 2010, the EEOC issued a right-to-sue letter informing Plaintiff of her right to sue defendants in federal court." (Id., ¶ 4.) Plaintiff commenced this action on October 20, 2010 – 92 days after the right-to-sue letter was allegedly issued. However, Plaintiff's pleading does not attach a copy of the right-to-sue letter and does not allege precisely when Plaintiff received it.

*Defendants' Motion to Dismiss*

Defendants now move to dismiss the Complaint. Although Defendants' motion principally seeks to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants have filed not only a Memorandum of Law in Support of Defendants'

Motion to Dismiss ("Defendants' Memo"), but also a declaration from Assistant Corporation Counsel James L. Hallman (the "Hallman Declaration"). That declaration attaches two documents: a copy of the charge of discrimination which Plaintiff filed with the EEOC on May 9, 2007, and a copy of a right-to-sue letter issued by the EEOC on December 31, 2007.

Although Defendants' Memo contains six points, the discussion herein focuses primarily on Points I and III. In Point I, Defendants argue that Plaintiff's Title VII and ADEA claims are barred by her failure to file this action within 90 days of her receipt of the right-to-sue letter. Defendants' Memo acknowledges that the Complaint refers to a right-to-sue letter dated July 20, 2010 (Defendants' Memo at 6), but asserts that this right-to sue letter was actually the second such letter issued to Plaintiff by the EEOC. Specifically, Defendants' Memo states:

> For some unknown reason, in February 2009, the [New York State Division of Human Rights (the "SDHR")] began to investigate the plaintiff's complaint of discrimination, and despite being told by EEOC that this complaint was identical to a complaint the EEOC already had issued a right-to-sue letter for, the SDHR issued a no probable cause determination. After this no probable cause determination, the EEOC issued a second right to sue letter on or about July 20, 2010.

(Id. at 5 (emphasis in original)). Point I disregards this second right-to-sue letter and relies on the right-to-sue letter dated December 31, 2007, attached to the Hallman Declaration as Exhibit 2. (Id. at 5-6).

In Point III, Defendants argue that, "[t]o the extent that plaintiff is claiming retaliation under Title VII or alleging a hostile work environment under Title VII or the ADEA, this Court does not have subject matter jurisdiction over these claims as they are not contained within plaintiff's May 9, 2007 Charge of Discrimination." (Id. at 8). Defendants' argument focuses on the language contained in the charge of discrimination dated May 9, 2007, which is attached to

3

the Hallman Declaration as Exhibit 1. The Complaint references a charge of discrimination "filed . . . on or about May 9, 2007" (Complaint, ¶ 3), but does not describe that document or attach a copy of it.

In light of Defendants' reliance on material outside of the Complaint, Defendants appropriately provided Plaintiff, who is now proceeding pro se, with a notice pursuant to Local Civil Rule 12.1. However, that notice did not precisely track the language of the sample notice set forth in the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. The sample notice begins:

> The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the Court to decide this case without a trial, based on these written materials.

The notice provided by Defendants deleted the phrase referring to "additional written materials" from the first sentence, and omitted the second sentence altogether, rendering the notice more difficult to understand.

## DISCUSSION

### *Standard of Review*

In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). A court's role at this stage is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In order to survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Because both a Rule 12(b)(6) motion "challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," see Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), cert. denied, 503 U.S. 960 (1992), only certain matters outside of the four corners of a plaintiff's pleading may be considered in assessing the complaint's sufficiency. As the Second Circuit has stated:

> When determining the sufficiency of plaintiff's claim for Rule 12(b)(6) purposes, consideration is limited to the factual allegations in plaintiff's [pleading] ... , to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit.

Brass v. Am. Film Technologies, Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec, 949 F.2d at 47-48). If material other than that listed by the Brass Court "is presented to and not excluded by the court, 'the motion shall be treated as one for summary judgment and disposed of as provided in [Federal Rule of Civil Procedure] 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion . . . .'" Id. (quoting Fed. R. Civ. P. 12(d)).

In this case, two of the arguments raised in Defendants' motion to dismiss rely on material outside of the pleadings. First, Point I of Defendants' Memo argues that Plaintiff's employment discrimination claims are time-barred because Plaintiff failed to commence this action within 90 days of her receipt of the right-to-sue letter. In making that argument. Defendants rely on the right-to sue letter, dated December 31, 2007, which is attached to the Hallman Declaration as Exhibit 2.

Second, Point III of Defendant's Memo contends that this Court lacks subject-matter jurisdiction over Plaintiff's Title VII and ADEA claims because these claims were not raised in the Plaintiff's charge of discrimination. In making this argument, Defendants refer to a copy of the charge of discrimination which Plaintiff filed with the EEOC on May 9, 2007, and which is attached to the Hallman Declaration as Exhibit 1. That charge is not attached to the Complaint.

Since this Court intends to consider both the right-to-sue letter dated December 31, 2007, and the charge of discrimination dated May 9, 2007, this Court must first consider the question of whether it is necessary to convert this motion into one for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. In addressing the question of what documents a district court may consider when disposing of a Rule 12(b)(6) motion, the Second Circuit has observed that "generally, the harm to the plaintiff when a court considers material extraneous to a complaint is the lack of notice that the material may be considered." Chambers v. Time Warner, Inc., 282 F.3d 147. 153 (2d Cir. 2002) (citing Cortec, 949 F.2d at 48). Accordingly, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Cortec, 949 F.2d at 48.

If Defendants' arguments relied solely on the May 9, 2007, charge of discrimination, this Court would see no need to convert this motion. The Complaint expressly alleges that Plaintiff "filed a charge . . . with the . . . EEOC . . . on or about May 9, 2007." (Complaint, ¶ 3). "An EEOC charge expressly referred to in the complaint is incorporated by reference, and the court may consider the allegations contained therein without converting the motion to one for summary judgment." Alexander v. City of New York, No. 11-cv-4638 (NG) (MDG), 2013 WL

3943496, at *5 (E.D.N.Y. July 23, 2013) (citing James v. Federal Reserve Bank of New York, 2005 WL 1889859, at *1, n. 2 (E.D.N.Y., Aug. 8, 2005))

However, Point I of Defendants' Memo relies on a right-to-sue letter dated December 31, 2007, which is not referenced in the Complaint. Plaintiff's pleading refers only to a right-to-sue letter issued on July 20, 2010. (Complaint, ¶ 4). There is nothing to suggest that Plaintiff had the December 31, 2007, letter in her possession, or even had knowledge of it, prior to bringing her lawsuit. Especially in light of Defendants' allegation that the July 20, 2010, letter constituted "<u>a second</u> right to sue letter" which resulted from the SDHR's inexplicable decision to re-review Plaintiff's charge of discrimination (Defendants' Memo at 5), it is appropriate to provide "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent" to Point I of Defendant's Memo. Fed. R. Civ. P. 12(d).

## *CONCLUSION AND ORDER*

For the reasons stated above, this Court will convert Defendants' motion to dismiss to a motion for summary judgment and provide "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent" to Point I of Defendant's Memo. Fed. R. Civ. P. 12(d). Accordingly, it is **ORDERED**:

1. That on or before October 11, 2013, Defendants (a) shall serve Plaintiff with a copy of this Memorandum and Order and a notice pursuant to Local Civil Rule 12.1, amended to track the sample notice and to reflect the fact that Defendants' motion will be treated as one for summary judgment, and (b) shall file a return of service with this Court via ECF.

2. That Plaintiff shall have until November 12, 2013, in which to file any additional material pertinent to Point I of Defendants' Memo. Such materials may include an affidavit from Plaintiff clarifying whether she filed a second charge of discrimination

7

with the SDHR and, if so, how that charge differed from the charge filed with the EEOC on May 9, 2007.

3. That Defendants shall have until November 22, 2013, to provide any materials responsive to Plaintiff's submissions, if any.

**SO ORDERED.**

/s/
SANDRA L. TOWNES
United States District Judge

Dated: September 30, 2013
Brooklyn, New York