10 Civ. 4818 (SLT)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA RAEBURN,

Plaintiff,

- against -

DEPARTMENT OF HOUSING PRESERVATION AND
DEVELOPMENT OF THE CITY OF NEW YORK, THE
CITY OF NEW YORK, SIMON BONNANO, AND
RAYMOND PYNN,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Gloria M. Yi*
*Tel: (212) 356-0889*
*Matter No. 2010-041979*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 2

ARGUMENT

      POINT I

           THE COMPLAINT IS BARRED BY
           PLAINTIFF'S FAILURE TO COMMENCE THE
           ACTION WITHIN 90 DAYS OF RECEIPT OF
           THE ORIGINAL RIGHT TO SUE LETTER. ........................................... 7

      POINT II

           PLAINTIFF'S CLAIMS UNDER TITLE VII,
           ADEA, AND CHRL ARE ALL TIME BARRED
           BY THE APPLICABLE STATUTES OF
           LIMITATIONS ........................................................................................ 9

      POINT III

           THIS COURT DOES NOT HAVE SUBJECT
           MATTER JURISDICTION OVER PLAINTIFF'S
           TITLE VII AND ADEA CLAIMS ......................................................... 10

      POINT IV

           PLAINTIFF'S COMPLAINT MUST BE
           DISMISSED FOR FAILURE TO STATE A
           PLAUSIBLE CLAIM FOR RELIEF ...................................................... 11

           A. The Applicable Pleading Standard .................................................... 11

           B. Plaintiff's Allegations Fail To State A Claim
              Under Title VII ................................................................................ 12

              1. Plaintiff cannot demonstrate she suffered an
              adverse employment action ............................................................ 12

              2. Plaintiff cannot demonstrate that any
              allegedly adverse employment action occurred

**Page**

      under circumstances giving rise to an inference
of discriminatory conduct..................................................14

C.   Plaintiff's Allegations Fail To State a Claim
Under ADEA.....................................................................16

D.   Plaintiff's Title VII and ADEA Claims Should
be Dismissed against the Individual Defendants................16

E.   Plaintiff's Allegations Fail To State A Claim
For Hostile Work Environment..........................................17

F.   Plaintiff's Allegations Fail to State A Claim
For Retaliation...................................................................19

POINT V

      PLAINTIFF'S SUPPLEMENTAL STATE LAW
CLAIMS OF INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS AND NEGLIGENT
SUPERVISION MUST BE DISMISSED AS TIME
BARRED AND BECAUSE THEY FAIL TO
STATE A CLAIM................................................................20

A.   Plaintiff Failed to File A Timely Notice of
Claim For Her State Common Law Claim.........................21

B.   Plaintiff's State Law Claims Fail To State a
Cause of Action.................................................................21

POINT VI

      PUNITIVE DAMAGES ARE NOT AVAILABLE
AGAINST MUNICIPAL DEFENDANTS. ...........................22

CONCLUSION ...............................................................................23

### TABLE OF AUTHORITIES

**Cases**                                                                                                  **Pages**

Acosta v. City of New York,
   11 Civ. 8561, 2012 U.S. Dist. LEXIS 60460 (S.D.N.Y. Apr. 26, 2012)............................18, 19

Ashcroft v. Iqbal,
   556 U.S. 662 (2009) ..................................................................................11, 16, 20

Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,
   459 U.S. 519 (1983) .......................................................................................................12

Bell Atl. Corp. v. Twombly,
   550 U.S. 544 (2007) ..................................................................................11, 12, 16

Bender v. City of New York,
   78 F.3d 787 (2d Cir. 1996) ..........................................................................................21

Bickerstaff v. Vassar College,
   196 F.3d 435 (2d Cir. 1999), cert. denied, 530 U.S. 1242 (2000)...............................15

Bouchard v. New York Archdiocese,
   719 F. Supp. 2d 255 (S.D.N.Y. 2010) .........................................................................22

Brass v. Am. Film Techs., Inc.,
   987 F.2d 142 (2d Cir. 1993) ..........................................................................................2

Bray v. New York City Dep't of Educ.,
   11 Civ. 7884, 2013 U.S. Dist. LEXIS 97109 (S.D.N.Y. July 10, 2013) .......................8

Butts v. City of New York Dep't of Housing Pres. and Dev.,
   990 F.2d 1397 (2d Cir. 1993) ..........................................................................10, 11, 20

Carpenter v. City of New York,
   09CV4524(ARR), 2011 U.S. Dist. LEXIS 156615 (E.D.N.Y. May 24, 2011)..........................7

Chang v. Safe Horizons,
   254 Fed. Appx. 838 (2d. Cir. 2007).............................................................................13

Cherry v. City of New York,
   381 Fed. Appx. 57 (2d Cir. June 18, 2010) ...................................................................9

Chertkova v. Conn. Gen. Life Ins. Co.,
   92 F.3d 81 (2d Cir. 1996) ............................................................................................14

Clark-Fitzpatrick, Inc. v. Long Island R R Co.,
   70 N.Y.2d 382 (1987).................................................................................................23

| **Cases** | **Pages** |
|---|---|

Collins v. New York City Transit Auth.,
305 F.3d 113 (2d Cir. 2002) ...................................................................................12

Davis-Bell v. Columbia Univ.,
851 F. Supp. 2d 650 (S.D.N.Y. 2012) ....................................................................16

Dawes v. City Univ. of New York,
193 Fed. Appx. 59 (2d Cir. 2006).............................................................................7

Dean v. Westchester County DA's Office,
119 F. Supp. 2d 424 (S.D.N.Y. 2000) ...................................................................17

Douglas v. Dist. Council 37 Mun. Emples. Educ. Fund Trust,
207 F. Supp. 2d 282 (S.D.N.Y. 2002) ............................................................... 17-18

Ehrens v. Lutheran Church,
385 F.3d 232 (2d Cir. 2004) ...................................................................................22

Elec. Comm. Corp. v. Toshiba Am. Consumer Prods., Inc.,
129 F.3d 240 (2d Cir. 1997) ...................................................................................12

Fattoruso v. Hilton Grand Vacations Co.,
873 F. Supp. 2d 569 (S.D.N.Y. 2012) ...................................................................19

Fitzgerald v. Henderson,
251 F.3d 345 (2d Cir. 2001) ...................................................................................11

Fleming v. MaxMara USA, Inc.,
371 Fed. Appx. 115 (2d Cir. Mar. 25, 2010)............................................................9

Forrest v. Jewish Guild for the Blind,
3 N.Y.3d 295 (2004)................................................................................................19

Frankel v. New York State Office of Children And Family Svcs.,
11 Civ. 7973, 2013 U.S. Dist. LEXIS 61134 (S.D.N.Y. Apr. 29, 2013)....................22

Galabya v. New York City Bd. of Educ.,
202 F.3d 636 (2d Cir. 2000) ...................................................................................13

Gilmore v. Lancer Ins. Co.,
08CV0628 (JFB)(WDW), 2010 U.S. Dist. LEXIS 1094 (E.D.N.Y. Jan. 7, 2010) ...................15

Gross v. FBL Fin. Servs.,
557 U.S. 167 (2009) ...............................................................................................16

**Cases**                                                                                           **Pages**

Harris v. Forklift Sys.,
   510 U.S. 17 (1993) .................................................................................................17, 18

Howard v. City of New York,
   02CV1731, 2006 U.S. Dist. LEXIS 63426 (S.D.N.Y. Sept. 6, 2006)......................................21

Hunt v. Klein,
   10 Civ. 2778, 2011 U.S. Dist. LEXIS 14918 (S.D.N.Y. Feb. 9, 2011).................................12

Jimenez v. City of New York,
   14 Civ. 2994, 2014 U.S. Dist. LEXIS 144158 (S.D.N.Y. Oct. 9, 2014) ...................................22

Joseph v. Leavitt,
   465 F.3d 87 (2d Cir.2006) ........................................................................................13

Manley v. N.Y. City Police Dep't,
   05CV679 (FB)(LB), 2005 U.S. Dist. LEXIS 24379 (E.D.N.Y. Oct. 18, 2005)........................7

Mayers v. Emigrant Bancorp, Inc.,
   796 F. Supp. 2d 434 (S.D.N.Y. 2011) ..........................................................................19

McKoy v. Donahoe,
   11 Civ. 2488, 2013 U.S. Dist. LEXIS 87862 (S.D.N.Y. June 19, 2013) ....................................8

Mi-Kyung Cho v. Young Bin Café,
   10 Civ. 3785, 2013 U.S. Dist. LEXIS 128368 (S.D.N.Y. Sept. 9, 2013)..................................19

Miller v. City of Ithaca,
   3:10cv597, 2010 U.S. Dist. LEXIS 99531 (N.D.N.Y. Sept. 22, 2010) ....................................18

Miller v. Int'l Telephone and Telegraph Corp.,
   755 F.2d 20 (2d Cir. 1985) ........................................................................................10

Nat'l Railroad Passenger Corp. v. Morgan,
   536 U.S. 101 (2002) .................................................................................................9

Pallonetti v. Liberty Mut.,
   10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529 (S.D.N.Y. Feb. 11, 2011)..................................22

Papasan v. Allain,
   478 U.S. 265 (1986) .................................................................................................12

Parise v. New York City Dep't of Sanitation,
   306 Fed. Appx. 695 (2d Cir. Jan. 16, 2009) ..............................................................21

**Cases**                                                                                                                                    **Pages**

Parker v. Metropolitan Transp. Auth.,
   97 F. Supp. 2d 437 (S.D.N.Y. 2000) ...................................................................................16

Perry v. State Dep't of Labor,
   08 Civ. 4610 (PKC), 2009 U.S. Dist. LEXIS 74006 (S.D.N.Y. Aug. 20, 2009) .....................15

Presser v. Key Food Stores Coop., Inc.
   316 Fed. Appx. 9 (2d Cir. 2009)..........................................................................................7

Rooney v. Wittich,
   21 F. Supp. 2d 273 (S.D.N.Y. 1998) ....................................................................................21

Sanders v. New York City Human Res. Admin.,
   361 F.3d 749 (2d Cir. 2004) ........................................................................................ 12-13

Soso Liang Lo v. Pan Am. World Airways, Inc.,
   787 F.2d 827 (2d Cir. 1986) ..................................................................................................8

Sullivan v. Newburgh Enlarged Sch. Dist. Clarence Cooper,
   281 F. Supp. 2d 689 (S.D.N.Y. 2003) ..................................................................................17

Terry v. Ashcroft,
   336 F.3d 128 (2d Cir. 2003) ........................................................................................10, 12

Tyrrell v. Seaford Union Free Sch. Dist.,
   08CV4811 (SJF)(MLO), 2010 U.S. Dist. LEXIS 30113 (E.D.N.Y. Feb. 9, 2010)...................21

Williams v. New York City Housing Auth.,
   61 A.D.3d 62 (1st Dep't 2009)............................................................................................18

Williams v. Palladia, Inc.,
   07 Civ. 7720, 2009 U.S. Dist. Lexis 15516 (S.D.N.Y. Feb. 10, 2009) ...................................14

Ximines v. George Wingate High School,
   516 F.3d 156 (2d Cir. 2008) ................................................................................................11

Yerdon v. Henry,
   91 F.3d 370 (2d Cir. 1996) ..................................................................................................14

**Statutes**                                                                                                                                 **Pages**

N.Y. Gen Mun. Law §§ 50-e and 50-i.............................................................................................21

N.Y.C. Admin. Code § 8-107 ........................................................................................................19

N.Y.C. Admin. Code § 8-502 ..........................................................................................................9

## PRELIMINARY STATEMENT

Patricia Raeburn ("Plaintiff"), a former Housing Inspector previously employed by the New York City Department of Housing Preservation and Development ("HPD"), commenced this action purportedly under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the New York City Human Rights Law ("CHRL"), and state common law, against defendants HPD, the City of New York, Simon Bonnano and Raymond Pynn (collectively, "Defendants").  Plaintiff alleged that Defendants discriminated against her on the basis of her age, sex, and race, and retaliated against her for complaining about defendant Bonnano in 2004.

Plaintiff filed this action on October 20, 2010.  Defendants now move to dismiss the Complaint on the following grounds: (1) Plaintiff's Title VII and ADEA claims are barred by her failure to file this action within ninety days of her receipt of the underlying, operative right to sue letter (which, the record shows, was mailed to Plaintiff on December 31, 2007); (2) Plaintiff's Title VII and ADEA claims based on events that occurred before July 13, 2006 are time-barred by the three-hundred day statute of limitations because Plaintiff first filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC"), at the earliest, on May 9, 2007; (3) to the extent that Plaintiff is claiming retaliation under Title VII or alleging a hostile work environment under Title VII or the ADEA, this Court does not have subject matter jurisdiction as these claims are not contained within Plaintiff's May 9, 2007 EEOC Charge of Discrimination; (4) the Complaint does not state a plausible claim of discrimination or retaliation under Title VII or the ADEA; (5)  Plaintiff's  state law claims are barred because Plaintiff failed to serve written notice of her claims within ninety days of their alleged accrual; (6) Plaintiff's common law claims are barred by Plaintiff's failure to commence this action within the applicable one year statute of limitation; (7) Plaintiff's tort claims fail to

state a claim under New York law; and (8) punitive damages are not available against municipal defendants.[1]  In sum, Plaintiff does not allege a viable claim under any theory, and the Complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

Factual Background[2]

Plaintiff began her employment with HPD on or about October 1988, and has since held various positions, including Bilingual Operator, Central Complaints, Code Enforcement, and Inspector.  Verified Complaint, dated October 20, 2010 (Dkt. 1) ("Compl.") ¶¶ 12-13. In or about April 2004, Plaintiff applied for and was offered a position as a lead paint inspector in a newly-created lead paint section of HPD.  Compl. ¶ 14.  On or about September 1, 2004, Plaintiff called defendant Simon Bonnano, the chief at the time of HPD's Hooper Street location, to inform him that she would be reporting for duty at that location as a lead paint inspector.  Id. ¶ 15.  Chief Bonnano allegedly responded that she should not take the position because the job required inspectors to carry a ladder.  Id.  Plaintiff contends that Bonnano's comment was discriminatory in nature because "it implied that Plaintiff, [as] a middle-aged woman, would not be able to perform her new job on account of her age and/or sex."  Id.

---

[1] In addition, HPD is not a suable entity and should be dismissed from this action.  See N.Y. City Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.")

[2] The facts set forth in the Complaint are deemed true only for the purposes of this motion. Therefore, this statement of facts is derived from the Complaint and its annexed exhibits and Defendants neither admit nor deny those allegations.  Further, in deciding a motion to dismiss pursuant to Rule 12(b)(6), this Court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which the plaintiffs had knowledge and relied on in bringing suit."  Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993).  Thus, the Court may consider the documents annexed to Defendants' supporting declaration for either 12(b) purposes or, of course, for summary judgment purposes.

Plaintiff asserts that she then reported Bonnano's remark to William Tompson, the then Chief of HPD's 701 Euclid Avenue location. Id. ¶ 16. Plaintiff believes (without asserting any basis for her belief) that Bonnano learned of her complaint to Tompson, and that Bonnano, in response, allegedly created a hostile, discriminatory and retaliatory environment for Plaintiff when she reported to duty at the Hooper Street location. See id. ¶ 17. In purported support of this allegation, Plaintiff contends that HPD's Hooper Street location was hostile and discriminatory against women generally. Id. The sole allegation Plaintiff provides to support this contention is Plaintiff's ambiguous claim that the women at the facility (three including Plaintiff), were not provided a changing room equivalent to that provided to the men. See id. ¶ 18.

Next, Plaintiff complains that nearly two years after she was assigned to the Hooper Street location, on or about June 8, 2006, Plaintiff reported another employee's purported violation of HPD policy, to her supervisor, defendant Raymond Pynn. Compl. ¶ 19. Plaintiff alleges that after making her report, Pynn summoned her to the men's changing room, "removed his shoes, banged them on the table and yelled at Plaintiff to leave his 'best man' alone." Id. ¶ 20. Plaintiff asserts in conclusory fashion that "Pynn's conduct in berating Plaintiff even before investigating [the employee's] alleged misconduct was motivated by Pynn's discriminatory and hostile attitude toward Plaintiff as a woman employee." See id. ¶ 21.

Plaintiff also contends that approximately ten months later, on or about April 3, 2007, she received a radio call from Bonnano, who allegedly screamed at her and demanded to know why she had powered down the computer she was assigned to share with other employees. Compl. ¶¶ 22, 24, 25. Although Plaintiff was assigned to share the computer with at least two other employees, Plaintiff claims she was singled out for charges of "improper" computer use because she was an older African-American woman and as part of the allegedly "hostile,

discriminatory and retaliatory work environment." Id. ¶¶ 22, 24, 27-28.  Plaintiff claims she was

then instructed to use another computer, to be shared with another African-American. Id. ¶ 28.

On or about April 7, 2007, Plaintiff was allegedly called into the men's changing

room by defendant Pynn and Meredith Fox, and was issued a disciplinary notice that charged

Plaintiff with "failure to report an arrest."  Compl. ¶¶ 29-30.  Plaintiff was "certain that [the

charge] was bogus," informed an investigator at HPD's inspector general's office that the charge

was "spurious," and attended a meeting at HPD's inspector general's office on or about April 11,

2007 to answer the charges.  Id. ¶¶ 31-32.  At the meeting, Plaintiff learned that the "failure to

report an arrest" charge had been amended on that day to a charge for "use of profane language

toward co-workers," based on a complaint by co-workers.  Id. ¶¶ 33-34.  Plaintiff protested the

new charge and requested that the matter be adjourned so that she could consult with an attorney.

Id. ¶ 34.  Plaintiff states that the matter was adjourned and that she returned on another day, but

does not report if and how the charge was resolved.  Id.

Subsequently, Plaintiff claims that one of the investigators from the HPD

inspector-general's office who was investigating the charges against Plaintiff, called Plaintiff

with an offer for a job transfer because Plaintiff was allegedly working in a "hostile

environment."  Compl. ¶¶ 32, 35.  Plaintiff asserts that she declined the offer because "it seemed

to Plaintiff that if Defendant HPD's inspector general, in fact, acknowledged that Plaintiff was

working in a hostile environment, then it was incumbent upon HPD to change such 'hostile

environment', instead of simply transferring Plaintiff out of the hostile environment."  Id. ¶ 35.

Plaintiff contends that "HPD's agents have since continued to harass and retaliate against

Plaintiff by causing her to be summoned before the HPD Disciplinary Unit on all manner of

baseless, contrived, vague or convoluted charges." Id. ¶ 36.  The Complaint, however, does not provide any further details regarding this allegation.  See id.; see also Compl., passim.

Procedural Background

Plaintiff states that she filed a charge of discrimination with the EEOC on or about May 9, 2007 complaining of sex, age and race discrimination and received a right to sue letter on July 20, 2010.  Compl. ¶¶ 3-4.  Plaintiff did not append a copy of her charge of discrimination or Right to Sue letter to the Complaint.  Instead, in response to Defendants' December 30, 2010 request for a pre-motion conference in this action (Dkt. 5), Plaintiff annexed a copy of a Right to Sue letter dated July 20, 2010, issued under charge No. 16G-2007-03626. Dkt. 6-2.  See also Exhibit A[3] annexed to the Declaration of Assistant Corporation Counsel Gloria M. Yi, dated October 17, 2014 ("Yi Decl.").  As set forth below, this was the second Right to Sue letter Plaintiff had received in connection with the same allegations and, accordingly, for the reasons set forth below, her reliance on the July 2010 Right to Sue letter is misplaced.

At the outset, Defendants note that the July 20, 2010 Right to Sue letter indicated that the "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge."  Id.  A review of the investigatory file maintained by the State Division of Human Rights ("SDHR") on Plaintiff's complaint against HPD reveals that Plaintiff filed a charge of discrimination with the SDHR on or about June 11, 2007, which was dually filed with the EEOC, on that same day.  Exhibits B (Plaintiff's complaint dated May 9, 2007 marked as received by SDHR on June 11, 2007); E (Plaintiff's complaint dated May 9, 2007

---

[3] Unless otherwise indicated, all references to "Exhibit" are to the exhibits annexed to the Yi Declaration.

marked as received by the EEOC on June 11, 2007). Plaintiff's SDHR complaint, assigned

SDHR case number 10118503, was ultimately dismissed by Determination and Order After

Investigation dated February 4, 2010, with a finding of no probable cause. Exhibit C (SDHR

Determination and Order After Investigation).

Correspondence contained in SDHR's investigatory file reveals that SDHR's case

number 10118503 is a duplicate of EEOC's case no. 520-2007-03090, which was initially

investigated by the EEOC, and resulted in a Right to Sue letter dated December 31, 2007.

Exhibits D-E. Indeed, by Memorandum dated July 16, 2009, the EEOC informed the SDHR that

a Notice of Right to Sue was issued to Plaintiff under EEOC Charge No. 520-2007-03090, which

was a duplicate of Complaint No. 16G-2007-03626 (SDHR Case No. 10118503). Exhibit E.

According to the EEOC's December 31, 2007 Notice of Right to Sue under Charge No. 520-

2007-03090, the EEOC had investigated Plaintiff's complaint, and was unable to determine any

violation existed based on the information provided. Id.

By letter dated August 21, 2009, after the EEOC's issuance of the first Right to

Sue letter, dated December 31, 2007, the SDHR informed HPD that it was performing an

independent review of Plaintiff's case under SDHR Case No. 10118503. Exhibit F. The SDHR

explicitly acknowledged that the complaint had been "previously investigated by the EEOC." Id.

Plaintiff's complaint was thereafter investigated independently by the SDHR, resulting in the no

probable cause determination (Exhibit C), and the EEOC's issuance of a second Right to Sue

letter on July 20, 2010 adopting the SDHR's findings. Exhibit A. As noted, however, the EEOC

had previously issued a Right to Sue letter in connection with the same allegations in December

2007. See Exhibit E (July 16, 2009 memo from EEOC to SDHR noting that EEOC Charge 520-

2007-03090 and 16G-2007-03626 were duplicate and attaching December 31, 2007 Right to Sue

letter).  Plaintiff commenced the instant action on October 20, 2010, Dkt 1 (Complaint), nearly

three years after EEOC had issued Plaintiff the original right to sue letter.

## ARGUMENT

### POINT I

**THE COMPLAINT IS BARRED BY PLAINTIFF'S FAILURE TO COMMENCE THE ACTION WITHIN 90 DAYS OF RECEIPT OF THE OPERATIVE RIGHT TO SUE LETTER**

Plaintiff's Title VII and ADEA claims are barred by Plaintiff's failure to file this

action within ninety days of receiving the original Right to Sue letter.  It cannot be disputed that

Title VII and the ADEA claimants must file their lawsuits within ninety days of receipt of their

right to sue notices from the EEOC.  See Presser v. Key Food Stores Coop., Inc. 316 Fed. Appx.

9, 11 (2d Cir. Mar. 17, 2009) (summary order affirming dismissal of ADEA claims as time-

barred and citing 29 U.S.C. § 626(e)); Dawes v. City Univ. of New York, 193 Fed. Appx. 59, 61

(2d Cir. Aug. 11, 2006) (summary order affirming dismissal of Title VII claims as untimely as

complaint was filed 92 days after receiving right to sue letter).  "The requirement that a lawsuit

be brought within 90 days of receiving a right to sue letter from the EEOC is treated like a statute

of limitations."  Carpenter v. City of New York, 09CV4524 (ARR), 2011 U.S. Dist. LEXIS

156615, at *3-4 (E.D.N.Y. May 24, 2011) (ADEA) (quoting Manley v. N.Y. City Police Dep't,

05CV679 (FB)(LB), 2005 U.S. Dist. LEXIS 24379 at *2 (E.D.N.Y. Oct. 18, 2005) (Title VII)

(modification brackets omitted)).

Plaintiff alleges that she filed a Charge of Discrimination with EEOC on or about

May 9, 2007, and that she received a Right to Sue letter on July 20, 2010.  See Compl., ¶¶ 3-4.

However, the EEOC had investigated Plaintiff's claims in 2007 and issued Plaintiff a Right to

Sue letter pertaining to her May 9, 2007 Charge, on December 31, 2007.  See Exhibit E (July 16,

2009 memo from EEOC to SDHR noting that EEOC Charge 520-2007-03090 and 16G-2007-03626 were duplicate and attaching December 31, 2007 Right to Sue letter). The December 31, 2007 Right to Sue letter noted that Plaintiff could pursue her claims by filing a lawsuit, though it cautioned that such lawsuit "must be filed WITHIN 90 DAYS of . . . receipt of this notice." Id. (emphasis in original). As a result, Plaintiff had until Monday, March 31, 2008 to commence a civil suit. Plaintiff did not commence the instant action until October 20, 2010, approximately two and a half years after receiving her original – and the controlling – Right to Sue letter. As such, Plaintiff's Title VII and ADEA claims are time-barred.

Plaintiff's second Right to Sue letter, dated July 20, 2010 cannot save her untimely filing of the instant Complaint, because the second Right to Sue letter was issued in connection with Plaintiff's same exact charge of discrimination. Compare Exs. B and E (Plaintiff's same charge of discrimination dated May 9, 2007 marked as received by SDHR and EEOC, respectively, on June 11, 2007). It is settled that caselaw supports this position, and, accordingly, Plaintiff's Title VII and ADEA claims should be dismissed. See Bray v. New York City Dep't of Educ., 11 Civ. 7884, 2013 U.S. Dist. LEXIS 97109, at *24 (S.D.N.Y. July 10, 2013) ("The EEOC's Second Letter has no impact on the 90-day filing limitation because there is no evidence to suggest that the Second Letter encompassed discriminatory conduct that was not captured by the First Right to Sue Letter") (citations omitted); McKoy v. Donahoe, 11 Civ. 2488, 2013 U.S. Dist. LEXIS 87862, at *4 (S.D.N.Y. June 19, 2013) ("When a plaintiff receives a second right to sue letter that is based on a charge involving the same facts as a previous letter, 'whether the present action is time barred must be determined with reference to only the first notice of right to sue.'") (citing Soso Liang Lo v. Pan Am. World Airways, Inc., 787 F.2d 827, 828 (2d Cir. 1986)). As Plaintiff was first issued a Right to Sue letter by the EEOC on

December 31, 2007, approximately two and a half years before she filed this action, Plaintiff's

Title VII and ADEA claims are untimely and should be dismissed.

## POINT II

### PLAINTIFF'S TIME-BARRED CLAIMS UNDER TITLE VII, ADEA, AND CHRL

In New York, claims brought arising under Title VII and the ADEA are subject to

a 300 day statute of limitations.  Cherry v. City of New York, 381 Fed. Appx. 57, 58 (2d Cir.

June 18, 2010) (summary order) (citations omitted).  The Supreme Court has mandated "strict

adherence" to the statute of limitations.  See Nat'l Railroad Passenger Corp. v. Morgan, 536 U.S.

101, 108 (2002).  Thus, any Title VII or ADEA claim which accrued more than 300 days prior to

the filing of the charge of discrimination with the EEOC is time-barred.  Id. at 110.

In this case, Plaintiff alleges that she experienced adverse treatment on four

occasions: September 2004, June 2006, and twice in April 2007.  See Compl., ¶¶ 15, 19-21, 25,

and 29.  Plaintiff, however, concedes that she did not file her Charge of Discrimination with the

EEOC until – at the earliest – May 9, 2007.[4]  Compl. ¶ 3.  Accordingly, it cannot be disputed that

Plaintiff's claims which occurred before July 13, 2006 are time-barred by the three-hundred day

limitations period and should be dismissed due to Plaintiff's failure to file a timely administrative

complaint with the EEOC.

Further, Plaintiff's claims arising under the CHRL are also barred by Plaintiff's

failure to commence this action within the applicable three year statute of limitations.  See N.Y.

City Admin. Code § 8-502(d); Fleming v. MaxMara USA, Inc., 371 Fed. Appx. 115, 119 (2d

Cir. Mar. 25, 2010).  Plaintiff did not commence this action until October 20, 2010.  Dkt. 1.  As

---

[4] Although dated May 9, 2007, Plaintiff's Charge of Discrimination was not filed with the EEOC or SDHR until on or about June 11, 2007.  See Exs. B, E (charge of discrimination marked as received by SDHR and EEOC, respectively, on June 11, 2007).

such, all of Plaintiff's claims arising under CHRL must be dismissed, as Plaintiff does not allege that any conduct by Defendants occurred after April 11, 2007 – well over three years prior to Plaintiff's commencement of the instant lawsuit in October 2010.

**POINT III**

**THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S TITLE VII AND ADEA CLAIMS**

It is well settled that "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Butts v. City of New York Dep't of Housing Pres. and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993); see also, Miller v. Int'l Telephone and Telegraph Corp., 755 F.2d 20, 23 (2d Cir. 1985) ("[n]o action based on a claim of age discrimination may be brought in federal court unless the claim was properly raised with the EEOC, i.e., within the permissible time limit for filing the claim with the EEOC"); see also Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003) ("the administrative exhaustion requirement is the same under the ADEA as it is under Title VII, [and the "reasonably related"] . . . exception[] also appl[ies] to claims brought pursuant to the ADEA").

To the extent that Plaintiff is claiming retaliation under Title VII or alleging a hostile work environment under Title VII or the ADEA, this Court does not have subject matter jurisdiction over these claims as they are not contained within Plaintiff's May 9, 2007 Charge of Discrimination ("Charge"). See Charge of Discrimination, Exhibits B, E.  Plaintiff's Charge of Discrimination merely alleges that in April 2007 she was asked to appear for a disciplinary conference on an incorrect charge. Id.  Further, Plaintiff's Charge is devoid of any reference to an alleged protected activity by Plaintiff.  The allegations in the Charge are thus insufficient to put the EEOC or SDHR on notice that Plaintiff was also claiming hostile work environment or

10

based on alleged events that occurred before the filing of her charge.  As such, these claims are not reasonably related to the allegations before either agency.  See Ximines v. George Wingate High School, 516 F.3d 156, 158 (2d Cir. 2008) ("[t]his Circuit has recognized that a claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made") (quoting Fitzgerald v. Henderson, 251 F.3d 345, 359-60 (2d Cir. 2001)).  Nor does Plaintiff's claim of retaliation stem from Plaintiff's filing of her charge of discrimination, as none of the incidents alleged in the Complaint occurred subsequent to Plaintiff's filing of her Charge of Discrimination dated May 9, 2007.  See Butts, 990 F.2d at 1402.  Accordingly, this Court does not have subject matter jurisdiction over Plaintiff's allegations of hostile work environment and retaliation arising under Title VII or the ADEA.  See id. at 1401.

### POINT IV

### PLAINTIFF'S   COMPLAINT   FAILS   TO STATE A PLAUSIBLE CLAIM FOR RELIEF

**A.    The Applicable Pleading Standard**

The facts set forth in a complaint "must be enough to raise a right to relief above the speculative level. . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  A party's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . . ."  Id. (internal quotation marks and alteration omitted).  The Supreme Court has explained that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'. . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

11

it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.
(quoting Bell Atlantic Corp., 550 U.S. at 557).  These pleading standards must be read together
with the familiar Rule 12(b)(6) admonition that courts may neither (i) "'assume that the
[plaintiff] can prove facts that [she] has not alleged,'" Elec. Comm. Corp. v. Toshiba Am.
Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997) (quoting Associated Gen. Contractors
of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983)) (alteration in
original), nor (ii) "accept as true a legal conclusion couched as a factual allegation." Papasan v.
Allain, 478 U.S. 265, 286 (1986) (citation omitted).  For the reasons described below, Plaintiff's
Complaint fails to meet this pleading standard, warranting dismissal of this action in its entirety.

**B.**      **Plaintiff's Allegations Fail To State A Claim Under Title VII**

It is well-settled law that to establish a claim of discrimination under Title VII, a
plaintiff must demonstrate that she: (1) is a member of a protected class; (2) was qualified for the
position; (3) suffered an adverse employment action; and (4) that the action occurred under
circumstances giving rise to an inference of discriminatory conduct.  Terry v. Ashcroft, 336 F.3d
128, 138 (2d Cir. 2003) (citing Collins v. New York City Transit Auth., 305 F.3d 113, 118 (2d
Cir. 2002)).  Here, Plaintiff's Complaint is devoid of any factual allegations that she suffered an
actionable adverse employment action or that any of the alleged adverse employment actions
were motivated by discriminatory animus based on Plaintiff's race or gender.  Therefore, even
under the most liberal construction of this Complaint, it fails to state a claim for relief.

1.      Plaintiff Cannot Demonstrate She Suffered an Adverse Employment Action

As a threshold matter, Plaintiff has not alleged that she suffered an adverse
employment action.  An adverse employment action is defined as a "materially adverse change
in the terms and conditions of an individual's employment." Hunt v. Klein, 10 Civ. 2778, 2011
U.S. Dist. LEXIS 14918, at *14-15 (S.D.N.Y. Feb. 9, 2011) (citing Sanders v. New York City

12

Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004) and Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)).  Such a change must be "more disruptive than a mere inconvenience, and might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation."  Id. (quoting Galabya, 202 F.3d at 640).

None of the incidents which Plaintiff has complained about constitute adverse employment actions. First, Plaintiff effectively ignored defendant Bonnano's September 1, 2004 purported statement advising her against taking the lead paint inspector position, and she accepted the position. See Compl. ¶¶ 15, 17.  Thus, defendant Bonnano's alleged comment about the need to carry a ladder – which plaintiff assumed was sexist and ageist – did not cost her an employment opportunity and does not constitute an adverse action.

Next, although Plaintiff alleges that she was reprimanded and was charged in a disciplinary matter, Plaintiff has not alleged any facts that would establish how the June 2006 and April 2007 reprimands, or even the April 2007 charge relating to the use of profane language, were something more than "trivial harm[s]" or the application of an employer's disciplinary policies. See Chang v. Safe Horizons, 254 Fed. Appx. 838, 839 (2d. Cir. 2007) ("In particular, we note that oral and written warnings do not amount to materially adverse conduct in light of our reasoning in Joseph v. Leavitt, 465 F.3d 87, 91 (2d Cir.2006), in which we stated that '[t]he application of the [employer's] disciplinary policies to [the employee], without more, does not constitute an adverse employment action.'") (modifications in original).  HPD had the right to discipline Plaintiff if it believed Plaintiff had engaged in inappropriate behavior.  Plaintiff's

objection to the discipline, without more, amounts to a routine objection by an employee to an employer's administration of discipline and not an adverse employment action.

Plaintiff also has failed to allege any facts suggesting that being summoned to the men's changing room in April 2007 and any error regarding Plaintiff's disciplinary charges constituted adverse employment actions. See Compl. ¶¶ 29-30. Courts have recognized that even the filing of disciplinary charges which are later found to be unsubstantiated or for which the employee suffered no change to the terms and conditions of employment are not adverse employment actions. See Yerdon v. Henry, 91 F.3d 370, 378 (2d Cir. 1996). Here, the mistaken disciplinary charge was amended promptly (Compl. ¶ 19, 32-33 (four days elapsed between notice of initial and revised disciplinary charge)) and Plaintiff did not allege that she suffered any change to the terms and conditions of her employment in the few days between being served with the original charges and the amended charges.

2.   Plaintiff Cannot Demonstrate that Any Allegedly Adverse Employment Action Occurred Under Circumstances Giving Rise to an Inference of Discriminatory Conduct

Plaintiff's Complaint is further deficient as it is devoid of any factual basis alleging that the actions about which Plaintiff complains arose under circumstances giving rise to an inference of race or sex discrimination. The Second Circuit has not articulated all the reasons that would support a finding of an inference of discrimination, but courts have noted that a plaintiff must come forward with some evidence "beyond merely stating that [s]he is a member of a protected class." Williams v. Palladia, Inc., 07 Civ. 7720, 2009 U.S. Dist. Lexis 15516, at *20 (S.D.N.Y. Feb. 10, 2009). Such evidence may include "remarks or actions made by decision makers that could be viewed as reflecting a discriminatory animus" or "preferential treatment given to employees outside the protected class." Id. at *20 (citing Chertkova v. Conn. Gen. Life Ins. Co., 92 F.3d 81, 91 (2d Cir. 1996)). Plaintiff puts forth no such allegations here.

Instead, Plaintiff simply alleges that she has protected characteristics and then, in conclusory fashion, ascribes the actions complained of to discrimination.  Specifically, Plaintiff complains that she was "shock[ed] and consternate[ed]" by defendant Bonnano's September 2004 statement to her that she should not take the lead painter position because the job required inspectors to carry ladders.  Compl. ¶ 14.  She also was "shocked and dismayed by Pynn's conduct", after allegedly being berated after reporting another colleague's "apparent" misuse of work time.  Id. ¶ 21.  Plaintiff found defendant Bonnano's April 3, 2007 radio call regarding the computer, "both offensive and unwarranted."  Id. ¶ 26.  However, Plaintiff's own subjective belief that actions about which she complains were motivated by discriminatory bias is insufficient to support a claim of discrimination.  See Bickerstaff v. Vassar College, 196 F.3d 435, 456 (2d Cir. 1999) (feelings and perceptions of being discriminated against are not evidence of discrimination) (quotation and citation omitted), cert. denied, 530 U.S. 1242 (2000); Gilmore v. Lancer Ins. Co., 08CV0628 (JFB)(WDW), 2010 U.S. Dist. LEXIS 1094, *40 (E.D.N.Y. Jan. 7, 2010).

Moreover, "[a]llegations supporting motive may include preferential treatment given to similarly situated individuals or remarks that convey discriminatory animus.  In the absence of such allegations, dismissal at the pleading stage is warranted." Perry v. State Dep't of Labor, 08 Civ. 4610, 2009 U.S. Dist. LEXIS 74006, at *6-7 (S.D.N.Y. Aug. 20, 2009), aff'd 2010 U.S. App. LEXIS 19422 (2d Cir. Sept. 17, 2010) (internal citations omitted).  Here, the Complaint is devoid of any allegation that similarly situated lead inspectors received preferential treatment, or of any remark – let alone any timely remark – which conveys discriminatory animus.  Plaintiff, therefore, has failed to plead any factual allegations sufficient enough to raise

a right to relief above the "speculative level." <u>Bell Atlantic Corp.</u>, 550 U.S. at 555.  Her claim, therefore, should be dismissed.

**C.  Plaintiff's Allegations Fail to State a Claim Under the ADEA**

Like the Title VII claims, the ADEA claims set forth in Plaintiff's Complaint also fail to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and, accordingly, such claims should be dismissed.  <u>See Ashcroft</u>, 556 U.S. at 677.  To establish a <u>prima facie</u> case under the ADEA, a plaintiff must prove by a preponderance of the evidence that age was the "but-for" cause of the challenged employer decision.  <u>Gross v. FBL Fin. Servs.</u>, 557 U.S. 167, 177 (2009).  Here, Plaintiff does not allege any facts plausibly suggesting that her age was the "but-for" cause for any of the four events that she complains of in Complaint.  Indeed, even assuming that defendant Bonnano's alleged statement to plaintiff about the lead paint inspector position had anything to do with age, the remark is of no consequence as Plaintiff does not allege that Bonnano's remark became the "but-for" cause of any employment decision.  Instead, Plaintiff admits that, despite Bonnano's alleged comment, she took the job and has worked at the Hooper Street location since then.  <u>See</u> Compl. ¶¶ 17-18.  Accordingly, Plaintiff fails to state a plausible ADEA claim, further warranting dismissal of the Complaint.

**D.  Plaintiff's Title VII and ADEA Claims Should be Dismissed against the Individual Defendants**

Plaintiff's Title VII and ADEA claims against the individual defendants should be dismissed as there is no basis for individual liability.  <u>See, e.g.</u>, <u>Davis-Bell v. Columbia Univ.</u>, 851 F. Supp. 2d 650, 687-88 (S.D.N.Y. 2012) (Title VII); <u>Parker v. Metropolitan Transp. Auth.</u>, 97 F. Supp. 2d 437, 452 (S.D.N.Y. 2000) (ADEA).

**E.      Plaintiff's Allegations Fail to State a Claim of a Hostile Work Environment**

In order to prevail under a theory of hostile work environment discrimination under federal law, Plaintiff must demonstrate that the misconduct was "sufficiently severe or pervasive to alter the conditions of [Plaintiff's] employment and create an abusive working environment." Dean v. Westchester County DA's Office, 119 F. Supp. 2d 424, 428 (S.D.N.Y. 2000) (citing Harris v. Forklift Sys., 510 U.S. 17, 21 (1993)).   The hostility towards Plaintiff must be borne of "animus towards her as a result of her membership in a protected class." Sullivan v. Newburgh Enlarged Sch. Dist. Clarence Cooper, 281 F. Supp. 2d 689, 704 (S.D.N.Y. 2003) (citation omitted).  In addition, the plaintiff must also show that there is a specific basis for imputing the conduct to the employer. Dean, 119 F. Supp. 2d at 428. (citations omitted).   In determining whether a workplace is permeated with discrimination, courts often weigh the following non-exclusive factors: (1) the frequency and severity of the conduct; (2) whether the conduct was physically threatening, humiliating or merely an offensive utterance; (3) whether it unreasonably interferes with the employee's job performance; and (4) the effect on the employee's psychological well-being. See id., at 428-29. The hostility of a work environment is determined by the totality of the circumstances. Id. at 429 (citing Harris, 510 U.S. at 23.)

Here, the Complaint falls far short of pleading a plausible hostile work environment claim under federal law.  The Complaint does not plead any facts showing that Plaintiff was subjected to discriminatory intimidation, ridicule, and insult.  The Complaint is also devoid of any allegation that any of the individual defendants made any unambiguously disparaging comments concerning Plaintiff's race, sex or age.  The lone remark attributed to defendant Bonnano in 2004 is, at most, ambiguous and, as such, does support an inference of discriminatory animus. Douglas v. Dist. Council 37 Mun. Emples. Educ. Fund Trust, 207 F.

Supp. 2d 282, 291 (S.D.N.Y. 2002).   Additionally, the Complaint lacks specific allegations showing that Plaintiff, at any time, felt intimidated or threatened by Defendants' alleged conduct.

The conclusory allegations contained in the Complaint do not plausibly suggest sufficient severity, pervasiveness or discriminatory animus to satisfy the objective prong of the test for hostile work environment.  See, e.g. Miller v. City of Ithaca, 3:10cv597, 2010 U.S. Dist. LEXIS 99531, at *21-22 (N.D.N.Y. Sept. 22, 2010) (where pleading failed to give any indication of the nature, frequency or severity of objectionable conduct or whether it unreasonably interfered with the plaintiff's work performance, hostile work environment claim was not plausible).  Plaintiff alleges that she was subjected to one episode of adverse treatment in 2004, one in 2006, and two in April 2007.   These four allegations of adverse treatment fail to demonstrate either severity or pervasiveness because none of them involved a physical threat, and, with the exception of the two incidents in 2007, they occurred years apart. The mere fact that Plaintiff says she believes her environment was abusive or her treatment unfair is not enough to constitute a claim for hostile work environment; that is, because the environment must be considered abusive to a reasonable person.  See Harris, 510 U.S. at 21.

Even under the more liberal CHRL, the Complaint still falls short of pleading a plausible hostile work environment claim.   Under CHRL, a hostile work environment is one where there is "differential treatment" based on protected class status.  Acosta v. City of New York, 11 Civ. 8561, 2012 U.S. Dist. LEXIS 60460, at *22 (S.D.N.Y. Apr. 26, 2012) ("In other words, all that is required to sustain a [ ]CHRL 'hostile work environment claim' is 'unequal treatment' based upon membership in a protected class.") (citing Williams v. New York City Housing Auth., 61 A.D.3d 62, 77 (1st Dep't 2009)) (emphasis added).  In this case, Plaintiff does not allege that anyone engaged in the same behavior as she did, and was treated differently than

she.  Short of Plaintiff's self-serving conclusions and speculation, there are simply no allegations

in the Complaint that support a claim that Plaintiff was treated any better or worse than any of

her colleagues because of her age, race or sex.  Accordingly, the Complaint fails to state a hostile

work environment claim even under the CHRL.

**F.     Plaintiff's Allegations Fail to State A Claim For Retaliation**

Plaintiff's retaliation claims appears to be limited to an alleged violation of

CHRL.  Compl. ¶ 1.  Whether assessed under federal or City law, however, the claim should be

dismissed because Plaintiff has failed to plead any facts even remotely establishing the requisite

elements of her cause of action.

CHRL claims of retaliation are analyzed in the same manner as those brought

under Title VII.  Fattoruso v. Hilton Grand Vacations Co., 873 F. Supp. 2d 569, 580 (S.D.N.Y.

2012) (citation omitted); Acosta, 2012 U.S. Dist. LEXIS 60460, at *27-28.  To establish a

retaliation claim, a plaintiff must demonstrate a prima facie case that: (1) she participated in a

protected activity known to the defendant; (2) the defendant took an employment action that

disadvantaged the plaintiff; and (3) that a causal connection exists between the protected activity

and the alleged adverse employment action.  Fattoruso, 873 F. Supp. 2d at 580 (citations

omitted).     Protected activity is conduct that "opposes or complains about unlawful

discrimination."  Mi-Kyung Cho v. Young Bin Café, 10 Civ. 3785, 2013 U.S. Dist. LEXIS

128368, at *27 (S.D.N.Y. Sept. 9, 2013) (citing, inter alia, Forrest v. Jewish Guild for the Blind,

3 N.Y.3d 295, 312-13 (2004)).  However, under the CHRL, unlike the federal standard, Plaintiff

is only required to show that the retaliatory acts complained of were "reasonably likely to deter a

person from engaging in protected activity."  N.Y.C. Admin. Code § 8-107(7); see also Mayers

v. Emigrant Bancorp, Inc., 796 F. Supp. 2d 434, 446 (S.D.N.Y. 2011) ("The elements of

retaliation under the NYCHRL differ only in that the plaintiff need not prove any adverse

employment action; instead, he must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity.") (citations omitted).

Here, Plaintiff does not allege that participated in any manner in an investigation, proceeding, or hearing concerning her complaints.   Rather, her retaliation claim appears to be based on her allegation that she, "reported Bonnano's discriminatory remarks to Chief William Tompson . . . " Compl. ¶ 16, and her unsupported "belie[f that] Bonnano came to learn of Plaintiff's complaint to Chief William Tompson." Id. ¶ 17.   Clearly, Plaintiff was not deterred as she not only reported Bonnanno's ambiguous 2004 remark, but has remained in the job despite being offered the opportunity to transfer.   Plaintiff's retaliation claim, therefore, is implausible on its face and is nothing more than a bare conclusion unsupported by any factual allegation sufficient to satisfy the pleading standards set forth by the Federal Rules of Civil Procedure.   See Ashcroft, 556 U.S. at 679.   Furthermore, it need only be added that Plaintiff's claim of retaliation does not stem from Plaintiff's filing of her charge of discrimination with the EEOC or SDHR, as no allegation in the Complaint occurred subsequent to Plaintiff's filing of her Charge of Discrimination on June 11, 2007.   See Butts, 990 F.2d at 1402.

Accordingly, Plaintiff has failed to plead sufficient facts to support a plausible retaliation claim and this claim should be dismissed.

## POINT V

### PLAINTIFF'S SUPPLEMENTAL STATE LAW CLAIMS OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT SUPERVISION SHOULD BE DISMISSED AS TIME-BARRED AND BECAUSE THEY FAIL TO STATE A CLAIM

Plaintiff's supplemental state law claims of intentional infliction of emotional distress and negligent supervision should be dismissed as time-barred due to Plaintiff's failure to

commence this action within one year and ninety days from when the cause of action accrued. <u>See</u> N.Y. Gen. Mun. Law § 50-i(1)(c); <u>see</u>, <u>e.g.</u> <u>Howard v. City of New York</u>, 02CV1731, 2006 U.S. Dist. LEXIS 63426, at *10 (S.D.N.Y. Sept. 6, 2006).

**A.      Plaintiff Failed to File a Timely Notice of Claim for Her State Common Law Claims**

Pursuant to the New York General Municipal Law, Plaintiff was required to serve written notice of her claim ninety days after the claim arose.  The notice of claim must set forth the nature of the claim including, the time, place and manner in which the claim arose as well as the damages or injuries claimed to have been sustained.  <u>See</u> N.Y. Gen Mun. Law §§ 50-e and 50-i(1)(a); <u>Parise v. New York City Dep't of Sanitation</u>, 306 Fed. Appx. 695, 697 (2d Cir. Jan. 16, 2009); <u>Tyrrell v. Seaford Union Free Sch. Dist.</u>, 08CV4811 (SJF)(MLO), 2010 U.S. Dist. LEXIS 30113, at *10-12 (E.D.N.Y. Feb. 9, 2010).  Plaintiff's notice of claim, dated June 1, 2007, is not timely as to any claims which arose prior to March 3, 2007 and does not set forth the times, places and manners in which the listed claim arose, nor the damages or injuries claimed to have been sustained.  <u>See</u> Notice of Claim, dated June 1, 2007, Exhibit G.  Accordingly, Plaintiff's notice of claim is insufficient and her claims arising under New York State common law should be dismissed.

**B.      Plaintiff's State Law Claims Fail to State a Cause of Action**

Under New York law, to prevail on an intentional infliction of emotional distress claim, a plaintiff must prove four elements: (i) extreme and outrageous conduct; (ii) an intent to cause, or reckless disregard of, a substantial probability of causing severe emotional distress; (iii) a causal link between the conduct and the injury; and (iv) severe emotional distress.  <u>See</u> <u>Bender v. City of New York</u>, 78 F.3d 787, 790-91 (2d Cir. 1996) (citation omitted); <u>see also</u> <u>Rooney v. Wittich</u>, 21 F. Supp. 2d 273, 282 (S.D.N.Y. 1998) (applying same standard to claims for

negligent infliction of emotional distress).  To state a claim for negligent supervision under New York law, a plaintiff must allege "in addition to the standard elements of negligence, that '(1) the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence; and, (3) that the tort was committed on the employer's premises or with the employer's chattels.'"  Pallonetti v. Liberty Mut., 10 Civ. 4487, 2011 U.S. Dist. LEXIS 14529, at *34 (S.D.N.Y. Feb. 11, 2011) (citing Bouchard v. New York Archdiocese, 719 F. Supp. 2d 255, 261 (S.D.N.Y. 2010) (quoting Ehrens v. Lutheran Church, 385 F.3d 232, 235 (2d Cir. 2004)) (internal quotations omitted).

Here, Plaintiff's Complaint fails to even approach the standard necessary to support her claims, and her Complaint fails to set forth the elements necessary to prevail on an intentional infliction of emotional distress claim, or a claim of negligent supervision, and accordingly, both these claims should be dismissed. See, e.g., Jimenez v. City of New York, 14 Civ. 2994, 2014 U.S. Dist. LEXIS 144158, at *19-20 (S.D.N.Y. Oct. 9, 2014) (dismissing "threadbare recital" of elements of negligent retention and supervision claim); Frankel v. New York State Office of Children And Family Svcs., 11 Civ. 7973, 2013 U.S. Dist. LEXIS 61134, at *23-24 (S.D.N.Y. Apr. 29, 2013) (noting that the conduct necessary to support such claims is understood to conduct that goes beyond all bounds of decency, is atrocious, and is utterly intolerable in a civilized society) (granting motion to dismiss).

### POINT VI

**PUNITIVE DAMAGES ARE NOT AVAILABLE AGAINST MUNICIPAL DEFENDANTS**

It is settled that municipalities are immune from paying punitive damages unless expressly authorized by statute, and that this rule applies under both the parallel federal and New

York State causes of action.  See, e.g., Clark-Fitzpatrick, Inc. v. Long Island R R Co., 70 N.Y.2d

382, 386, (1987) ("We have held that the State and its political subdivisions are not subject to

punitive damages") (citation omitted).   Thus, Plaintiff's demand for punitive damages is barred

in part because punitive damages are not available against a government or a governmental

subdivision.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully requests that the

Court issue an order dismissing the Complaint in its entirety, entering judgment for Defendants,

and granting such other and further relief as this Court may deem just and proper.

Dated:        New York, New York
              October 17, 2014

                              ZACHARY W. CARTER
                              Corporation Counsel of the
                                  City of New York
                              Attorney for Defendants
                              100 Church Street, Room 2-185
                              New York, New York 10007
                              (212) 356-0889
                              gyi@law.nyc.gov


              By:     _____
                      Gloria M. Yi
                      Assistant Corporation Counsel

23